**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHANDOLYNNE HOFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-cv-10-DES |
| v. | ) | |
| | ) | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, JIMMY WILLIS INSURANCE SERVICES, LLC And JIMMY WILLIS, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Shandolynne Hoffman's ("Plaintiff") Motion to Remand Case to the District Court of Wagoner County, Oklahoma (Docket No. 16). On January 12, 2026, Defendants, Allstate Vehicle and Property Insurance Company ("Allstate"), Jimmy Willis Insurance Services, LLC and Jimmy Willis ("Agent") (collectively "Defendants") filed a Notice of Removal from Wagoner County District Court based on 28 U.S.C. § 1332, diversity jurisdiction. (Docket No. 2). Despite Defendant Agent being a citizen of the State of Oklahoma, Defendants argue Agent was fraudulently joined to defeat diversity. *Id.* at 2. Plaintiff now seeks to have the case remanded to state court for lack of diversity jurisdiction. For the reasons set forth below, Plaintiff's Motion to Remand is GRANTED.

## I. Background

On or about November 2024, Plaintiff's property "was substantially damaged during a powerful hail- and/or windstorm that produced wind speeds powerful enough to uproot large trees throughout Broken Arrow and the surrounding areas." (Docket No. 2-1 at 7). Plaintiff alleges, like "neighboring homes, [Plaintiff's property] sustained devastating, patent storm damage which tore

off and destroyed shingles across its roof, as well as additional property damage." *Id* at 8. Plaintiff contacted Allstate, her insurance company, and submitted a claim. *Id.* Plaintiff alleges that Allstate sent an inspector to review the claim and investigate; however, Plaintiff alleges Allstate's "investigation was woefully inadequate and failed to report the vast majority of damage caused by the storm." *Id.* Plaintiff further alleges due to "Allstate's pattern and practice of bad faith tactics, [its inspector] executed a damage estimate which was manipulated to ensure the report did not just fail to afford necessary coverage for a full roof replacement—it failed to even meet the Policy deductible." *Id.* Plaintiff alleges that Agent should have discovered and disclosed to Plaintiff these coverage-defeating defects prior to Plaintiff's claim. *Id.*

Plaintiff filed her action in the District Court of Wagoner County, Oklahoma, on November 3, 2025. (Docket No. 2-1). In her Petition, Plaintiff asserts a claim for breach of contract and bad faith against Allstate, along with negligent procurement of insurance and constructive fraud against Agent. *Id.* at 11-30. On January 12, 2026, Defendants removed this action based on diversity jurisdiction, noting that Plaintiff is a resident of the State of Oklahoma and Allstate is a foreign insurance company incorporated in and with its principal place of business in the State of Illinois. (Docket No. 2 at 1). Allstate alleged that Agent's citizenship is immaterial since, while he is a citizen of Oklahoma which would defeat diversity jurisdiction, he was fraudulently joined as Plaintiff does not have "any possibility of recovery" against him. *Id.* at 2 (citing *Smith v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-14-0018-HE, 2014 WL 1382488, at *1 (W.D. Okla. Apr. 8, 2014)). Plaintiff now moves to remand this case to state court, asserting there is no diversity jurisdiction.

## II. Analysis

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc*., 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)); *United States ex rel. King v. Hillcrest Health Ctr*., 264 F.3d 1271, 1280 (10th Cir. 2001). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc*., 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found Reserve Ins. Co*., 683 F.2d 332, 333 (10th Cir. 1982). "With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support [its] claim with clear and convincing evidence." *Castens v. Conseco Life Ins. Co*., 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (citing *Mitchell v. Ford Motor Co*., 2005 WL 1567069, at *3 (W.D. Okla. July 5, 2005)).

Defendants removed this action to federal court based on diversity jurisdiction. (Docket No. 2.) It is clear from the Petition and the Notice of Removal, however, that the parties are not completely diverse as required by 28 U.S.C. § 1441(b)(2). (See Docket No. 2-1). Defendants argue that diversity exists because Agent is improperly joined as there is no reasonable basis to believe

Plaintiff might succeed in her claim against him. (Docket No. 2 at 3-8). A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co*., 257 U.S. 92, 97 (1921).

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Miller v. Jackson*, 2016 WL 1464558, at * 1 (E.D. Okla. Apr. 4, 2016) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted)). Defendants assert that Agent was joined under the second prong[1]. (Docket No. 2 at 3-8). In *Montano v. Allstate Indemnity*, the court held that the party alleging fraudulent joinder must prove the plaintiff "ha[s] no possibility of recovery" against the nondiverse defendant. 2000 WL 525592, at *4 (10th Cir. Apr. 14, 2000) (emphasis added). The *Montano* court explained that:

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

*Id.* at *5–6 (citation omitted) (quoting *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851–53 (3d Cir. 1992)). Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be

[1] Defendants also make the argument that Plaintiff's Petition is fraudulent on its face by arguing that Plaintiff knowingly pleaded false facts. (Docket No. 17 at 14). However, Defendants fail to identify any actual fraud and simply argue that Plaintiff received a full replacement policy as evidenced by the insurance contract. *Id.* There is no argument that Plaintiff misstated any party's citizenship or otherwise falsified jurisdictional facts. Instead, Defendants argue that the allegations against Agent are repetitive, unsupported, and therefore amount to "actual fraud" for purposes of the fraudulent-joinder analysis. This argument asks the Court to analyze the merits of Plaintiff's Petition which is not appropriate at this stage. *Gabel v. State Farm Fire & Cas. Co*., No. CIV-25-430-D, 2025 WL 2938817, at *5 (W.D. Okla. Oct. 16, 2025).

resolved in favor of remand. *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988 (discussing the removing party's "heavy burden").

When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882; *Miller*, 2016 WL 1464558, at * 1.

Here, Plaintiff argues she has stated a valid claim for negligent procurement and fraud against Agent for his failure to procure the policy Plaintiff requested, specifically full replacement cost homeowners' insurance coverage. (Docket No. 16 at 23). Despite Agent's representations that "the Policy would provide full replacement cost coverage in the event of a storm loss", these representations "turned out to be false." *Id.* Furthermore, Plaintiff argues Agent "procured, bound, maintained, and repeatedly sold the Policy when Agent's specialized knowledge meant Agent knew it would fail to provide the promised full replacement cost coverage if the home featured a defect; Agent was required to disclose this and failed to do so." *Id.*

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). This duty rests, in part, on "specialized knowledge [about] the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing *Swickey*, 979 P.2d

at 269). "To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id*. Under the negligent procurement claim, Agent could be liable to Plaintiff for failure to provide "the coverage for needs that are disclosed by the insureds." *Rotan*, 83 P.3d at 895. Here, Plaintiff is arguing "Agent's specialized knowledge of the terms and conditions of Allstate's policies gives rise to the duties owed to Plaintiff." *Id.*

Oklahoma courts have found valid claims for negligent procurement against insurance agents. *See, e.g., Sang v. Smith*, No. 19-CV-00686-GKF-FHM, 2020 WL 6472683, at *4 (N.D. Okla. May 19, 2020) (holding that an agent who "independently established, calculated, and set the replacement cost policy limits" may be held liable for negligent procurement, even when the agent provided a policy); *Johnson v. State Farm Fire & Cas. Co.*, Case No. CIV-14-1101-M, 2015 WL 13573968 (W.D. Okla. Mar. 9, 2015) (finding a valid claim for negligent procurement of replacement cost policy); *Mayer v. Horace Mann Ins. Co.*, No. CIV-14-1381-C, 2015 WL 1650271 (W.D. Okla. Apr. 13, 2015) (accord); *Asbury v. N. Star Mut. Ins. Co.*, No. CIV-14-1331-HE, 2015 WL 588607, at *2 (W.D. Okla. Feb. 11, 2015) (agreeing with plaintiffs that "an agent may be held accountable for failing to answer an insured's coverage questions accurately" and providing inaccurate replacement cost coverage); *Castens v. Conseco Life Ins. Co.*, No. 11-CV-628-TCK-FHM, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (finding the Oklahoma Supreme Court had "never pronounced any rule that an insurance agent's negligence is actionable only if it results in non-procurement of the policy"; rather, the agent must "exercise reasonable skill and care in performing its tasks"); *Maryland Cas. Co. v. Allen Cmty. Pharm.*, No. CIV-14-839-c, 2015 WL

4067862, at *3 (W.D. Okla. July 2, 2015) (holding *Cosper v. Farmers Ins. Co.*, 309 P.3d 147 (Okla. Civ. App. 2013) did not negate claims that the agent failed to procure the policy as requested; there is no case law showing that renewal of policy alone is sufficient to defeat a claim of negligent procurement); *Schlanger Ins. Trust v. John Hancock Life Ins. (U.S.A., Inc.),* Case No. 10-CV-576-TCK-TLW, 897 F. Supp. 2d 1109, at *8 (N.D. Okla. Sept. 20, 2012) (question of fact existed and plaintiff had a valid cause of action where it alleged the agent failed to properly advise as to "the overall nature of the policy or how to maximize its value and duration").

Allstate argues that Plaintiff received the policy she requested, and Plaintiff's "issue is with Allstate's decision on the scope of the damage." (Docket No. 17 at 17). Despite Allstate's allegation that Plaintiff received the policy she requested, Plaintiff has adequately pled allegations that Agent advised her she would qualify for full replacement cost coverage despite knowing that Allstate had a "scheme" to deny or reduce payments on valid claims. Taking these allegations as true, as we must do at this stage, Allstate has failed to show by clear and convincing evidence that Plaintiff's claims against Agent are not actionable. Accordingly, Plaintiff's Motion to Remand is GRANTED.

**III. Conclusion**

Allstate has failed to meet its heavy burden of establishing fraudulent joinder by clear and convincing evidence. Plaintiff has asserted colorable claims against Agent under Oklahoma law by alleging that Agent represented that she would receive full replacement cost coverage, failed to disclose known coverage-defeating conditions, and procured and renewed a policy that ultimately did not provide the promised protection. At this stage, the Court must resolve all factual disputes and ambiguities in state law in Plaintiff's favor and may not engage in a merits determination. Because complete diversity is lacking, the Court lacks subject matter jurisdiction under 28 U.S.C.

§ 1332. Accordingly, Plaintiff's Motion to Remand (Docket No. 16) is GRANTED and this matter will be remanded to the District Court of Wagoner County, Oklahoma.

DATED this 24th day of September, 2026.

D. Edward Snow
United States Magistrate Judge